IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BILL MAX OVERTON,

    Plaintiff,

vs.                         No. 07-2768-B/V

UNITED STATES OF AMERICA,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE A PROPERLY COMPLETED
IN FORMA PAUPERIS AFFIDAVIT OR PAY THE CIVIL FILING FEE

        On November 19, 2007, Plaintiff Bill Max Overton, who has listed his address of record as a post office box in Oklahoma City, Oklahoma, filed a pro se complaint pursuant 26 U.S.C. § 7433, accompanied by a motion seeking leave to proceed in forma pauperis.

        Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of" $350. 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an in forma pauperis affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking in forma pauperis standing must respond fully to the questions on the Court's in forma pauperis form and execute the affidavit in

compliance with the certification requirements contained in 28 U.S.C. § 1746. See, e.g., Reynolds v. Federal Bur. of Prisons, 30 Fed. Appx. 574 (6th Cir. Mar. 11, 2002); Broque v. Fort Knox Fed. Credit Union, No. 86-1896, 1997 WL 242043 (6th Cir. May 8, 1997).

In this case, Plaintiff has not filed an in forma pauperis affidavit and has not supplied any financial information. Instead, he has submitted an unsworn motion in which he asserts, without elaboration, that he "is a retired individual for which [sic] the payment of fees to this court would work a hardship." (Docket Entry ("D.E.") 2 at 1.) Plaintiff also urges that his motion be granted because, he represents, a judge in the Northern District of California issued an order granting leave to proceed in forma pauperis in a similar case in 1998. (Id.) That holding, assuming it to be as Plaintiff represents it, has no bearing on his financial condition in 2007. Plaintiff has not satisfied his burden of demonstrating that he is unable to pay the civil filing fee or to provide security therefor.

Plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to file a properly completed in forma pauperis affidavit or pay the civil filing fee. That affidavit shall disclose the street address at which Plaintiff is currently living. The affidavit must be completely filled out and sworn to under penalty of perjury. The Clerk is directed to send Plaintiff a copy of the nonprisoner in forma pauperis affidavit used in this district along with this order.

Failure to timely comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 10th day of December, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE