IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                             |   |                |
|-----------------------------|---|----------------|
| BILL MAX OVERTON,           | § |                |
|       Plaintiff,            | § |                |
| vs.                         | § | No. 07-2768-B/V |
| UNITED STATES OF AMERICA,   | § |                |
|       Defendant.            | § |                |

---

ORDER DENYING MOTION FOR RECONSIDERATION
AND
ORDER OF DISMISSAL

---

On November 19, 2007, Plaintiff, Bill Max Overton, who has listed his address of record as a post office box in Oklahoma City, Oklahoma, filed a pro se complaint pursuant 26 U.S.C. § 7433, accompanied by a motion seeking leave to proceed in forma pauperis. (Docket Entries ("D.E.") 1 & 2.) Because the unsworn motion submitted by Overton was insufficient to establish that he is unable to pay the civil filing fee or to provide security therefor, the Court issued an order on December 10, 2007 directing him, within thirty (30) days, to file a properly completed in forma pauperis affidavit or pay the civil filing fee. (D.E. 3.) The order directed that any in forma pauperis affidavit submitted by Plaintiff "shall disclose the street address at which Plaintiff is currently living [and] must be completely filed out and sworn to under penalty of perjury." (Id. at 2.)

On January 7, 2008, the Clerk docketed a response from Overton, captioned "Plaintiff's Memorandum to the Court Concerning the Court Clerk's Office Instructions for Plaintiff's Motion for Leave to Proceed In Forma Pauperis" (D.E. 5), in which he represented that his in forma pauperis motion should be granted on the basis of the information previously submitted. The Court issued an order on January 10, 2008 denying leave to proceed in forma pauperis and directing Plaintiff to pay the civil filing fee within thirty (30) days. (D.E. 6.) That order informed Overton that "[f]ailure to timely comply with this order will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." (Id. at 2.) Due to an apparent error by the post office, Plaintiff's copy of that order was returned as undeliverable (D.E. 7), so the Court issued an order on January 30, 2008 directing the Clerk to mail Overton another copy of the January 10, 2008 order and extending the time for compliance with that order to the close of business on February 20, 2008. (D.E. 8.)

On February 15, 2008, Plaintiff filed a motion for reconsideration, in which he refused to provide his street address, other than to aver that it was outside this district, and asserted that the motion should be granted on the basis of the information provided in his original motion. (D.E. 9.) The various deficiencies in that motion are set forth in the order issued on December 10, 2007. (D.E. 3 at 2.)[1] The motion for reconsideration is DENIED.

---

[1] This Court is not the first to have rejected Plaintiff's argument that he is entitled to proceed in forma pauperis, without providing financial
(continued...)

2

The Court has considered whether, in light of the motion for reconsideration, Plaintiff should be afforded another opportunity to pay the filing fee. Because Plaintiff's submissions on January 7, 2008 and February 15, 2008 do not contain any additional information about his financial condition, it appears clear that Plaintiff has no intention of paying the filing fee.[2] The Court DISMISSES the action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this 25th day of February, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[1] (...continued) information, on the basis that a judge in the Northern District of California granted leave to proceed in forma pauperis in 1998. See Overton v. Internal Revenue Serv., 23 F. App'x 962, 963 (10th Cir. 2001) ("In forma pauperis status must be established in each case, a fact Mr. Overton should be well aware of considering that he has brought dozens of actions in the federal courts.").

[2] The Court is aware that Plaintiff is a frequent filer of meritless litigation. This is the fourth lawsuit Plaintiff filed in this district concerning the matters set forth in the complaint. The first three lawsuits, Overton v. United States of America, No. 04-2601-JPM-dkv (W.D. Tenn. filed July 26, 2004), Overton v. United States of America, No. 04-3059-B/V (W.D. Tenn. filed Dec. 27, 2004), and Overton v. United States of America, No. 05-2477-JPM-tmp (W.D. Tenn. Aug. 15, 2005), were all transferred to the Western District of Texas, where Plaintiff claimed, at the time, to reside. It appears that Plaintiff chose to prosecute these actions in a distant forum because of an order issued in the Western District of Texas on March 29, 2004 that prohibited him from filing further actions against the United States or its employees related to the Taxpayer's Bill of Rights without prior leave of the court. United States v. Overton, No. MO-03-CV-092 (W.D. Tex.). A search of PACER's U.S. Party-Case Index discloses that Plaintiff has filed 44 lawsuits in federal district courts throughout the country, at least 30 of which named the United States as a defendant. Two additional suits were brought against the IRS, and two against the Clerk of the United States Supreme Court. In 2002, the Tenth Circuit cautioned Plaintiff as follows: "Plaintiff's many lawsuits regarding the assessment and collection of his 1989 and 1990 taxes are an abuse of the federal judicial system. . . . Federal courts have the inherent power to regulate the activities of abusive litigants under appropriate circumstances. . . . Because plaintiff's repetitive filings must come to an end, we warn him that any additional frivolous and repetitious filings may result in the imposition of filing restrictions." Overton v. United States, 48 F. App'x 295, 302 (10th Cir. 2002).