IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BILL MAX OVERTON,

    Plaintiff,

vs.                                No. 07-2768-B/V

UNITED STATES OF AMERICA,

    Defendant.

ORDER DENYING MOTION FOR DEFAULT JUDGMENT
AND
ORDER PRECLUDING FURTHER FILINGS
IN THIS CLOSED CASE

On January 10, 2008, the Court issued an order denying the application of Plaintiff, Bill Max Overton, for leave to proceed in forma pauperis due to his refusal to file an in forma pauperis affidavit, sworn to under penalty of perjury, that documented his financial condition. (Docket Entry ("D.E.") 6.) Overton was directed to pay the civil filing fee within thirty (30) days. (Id. at 2.) Plaintiff's time to pay the filing fee was later extended to February 20, 2008. (D.E. 8.) As he did not pay the filing fee, the Court issued an order on February 25, 2008 that, inter alia, dismissed the action pursuant to Fed. R. Civ. P. 41(b). (D.E. 10.) Judgment was entered on February 26, 2008. (D.E. 11.) Plaintiff filed a notice of appeal (D.E. 13), and his appeal is pending in the United States Court of Appeals for the Sixth Circuit as case number 08-5352. On March 19, 2008, Overton filed a

document, entitled "Plaintiff's Notice of Return of This Case to This Court Under a Rule 55 Adjustment" (D.E. 18), accompanied by a motion, entitled "Plaintiff's Motion for Default Judgment by the Court Clerk" (D.E. 19).

"As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal, and at that point the appellate court assumes jurisdiction over the matter." Pittock v. Otis Elevator Co., 8 F.3d 325, 326 (6th Cir. 1993); see also Dickerson v. McClellan, 37 F.3d 251, 252 (6th Cir. 1994); Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir. 1993).[1] Plaintiff's appeal is pending in the Sixth Circuit, and this Court lacks jurisdiction to grant the relief sought.

Even if Plaintiff were to dismiss his appeal, the Court would not afford him any relief. The Sixth Circuit has held that "it is proper for a district court to deem a complaint 'filed' only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court." Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998). So long as the filing fee remains unpaid, Plaintiff has not commenced a civil action, within the meaning of Truitt, and the United States is under no obligation to respond to the complaint. Moreover, as Plaintiff was not granted leave to proceed in forma pauperis, no summons was issued and the United States was not

---

[1] None of the exceptions to that general rule are applicable here. See Lewis, 987 F.2d at 394-95.

2

properly served. Plaintiff is not entitled to entry of default in a closed case.

Overton's motion for entry of default, or for a default judgment, is DENIED.

The Clerk is directed not to accept for filing any further documents submitted by Plaintiff in this closed case unless directed to do so by the United States Court of Appeals for the Sixth Circuit. Any further documents submitted by Plaintiff should be returned to him.

IT IS SO ORDERED this 29th day of April, 2008.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE